UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| KAREN MANCO,  }<br>ON BEHALF OF HERSELF AND  }<br>ALL OTHERS SIMILIARLY SITUATED,  }<br>  }<br>       Plaintiff,  }<br>  v            }<br>  }<br>THE RECEIVABLE MANAGEMENT SERVICES  }<br>CORPORATION,  }<br>  }<br>       Defendants.  } | Civil Action, File No.<br>2:17-cv-06851-LDW-ARL |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Karen Manco [hereinafter "Manco"] on behalf of himself and all others similarly situated, by and through her attorney, Mitchell L. Pashkin, Esq., complains of Defendant, The Receivable Management Services Corporation ("RMS"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on RMS's regular transaction of business within this district. Venue in this district also is proper based on RMS possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. RMS also derives substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this

Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Manco is a natural person who resides at 12 Fairfield Lane, Mastic Beach, NY 11951.

6. Manco is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about June 28, 2016, RMS sent Manco the letter annexed as Exhibit A. Manco received and read Exhibit A. For the reasons set forth below, Manco's receipt and reading of Exhibit A deprived Manco of her rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, RMS sent Exhibit A to Manco in an attempt to collect a past due debt.

9. Based upon RMS, via Exhibit A, having attempted to collect this past due debt on behalf of Progressive Casualty Insurance Company and from Manco in her individual capacity, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. RMS is a Delaware Corporation and a New York Foreign Business Corporation.

11. On Exhibit A, RMS identifies itself as a debt collection company attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

12. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. RMS possesses

a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

13. Based upon Exhibit A and upon RMS possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of RMS is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

14. Based upon the allegations in the above three paragraphs, RMS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

15. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

16. Exhibit A sets forth a "Claim amt" of $154.44.

17. Exhibit A does not set forth that the "Claim amt" of $154.44 may increase due to interest, late charges, and/or other charges.

18. Since Exhibit A does not set forth that the "Claim amt" of $154.44 may increase due to interest, late charges, and/or other charges, "the least sophisticated consumer" could read Exhibit A as meaning that the "Claim amt" of $154.44 was static and that their payment of $154.44 would satisfy the debt irrespective of when the payment was remitted.

19. NY CPLR 5001(a) provides as follows:

> "Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion."

20. "[A]n award of pre-decision or pre-verdict interest pursuant to CPLR 5001 on a damages award on a cause of action to recover damages in quantum meruit is mandatory, as it would be on a damages award on a cause of action to recover damages for breach of contract (*citations omitted*)". Tesser v. Allboro Equip. Co., 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010) and Lee v. Joseph E. Seagram & Sons, Inc., 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

21. Manco owed this past due debt under a theory of contract or quantum meruit and therefore NY CPLR 5001 is applicable to the past due debt set forth in Exhibit A.

22. NY CPLR 5001(b) provides as follows:

    "Interest shall be computed from the earliest ascertainable date the cause of action existed…"

23. Based on the debt being undisputed and the nature of the debt and the date of default, as regards the past due debt set forth in Exhibit A, Progressive Casualty Insurance Company had a guaranteed right to interest on the "Claim amt" of $154.44 from the date of Exhibit A or an earlier date. NY CPLR 5001 (a) and (b), Tesser v. Allboro Equip. Co., 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010) Leroy Callender, P.C. v. Fieldman, 676 N.Y.S.2d 152,154, 252 A.D.2d 468 (N. Y. A. D. 1 Dept., 1998), and Lee v. Joseph E. Seagram & Sons, Inc., 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

24. Based on the above, the "Claim amt" of $154.44 set forth in Exhibit A was not static. Instead, interest was in fact accruing and owed on the "Claim amt" of $154.44 set forth in Exhibit A from the date of Exhibit A or earlier than the date of Exhibit A.

25. On and after the date of Exhibit A, Progressive Casualty Insurance Company or any assignee or successor-in-interest possessed the legal right to sell, transfer or assign the account/debt identified in Exhibit A.

26. On and after the date of Exhibit A, any assignee or successor-in-interest could take the steps required to seek the interest that accumulated after Exhibit A was sent but before the "Claim amt" of $154.44 set forth in Exhibit A was paid.

27. On and after the date of Exhibit A, Progressive Casualty Insurance Company possessed the legal right to terminate RMS as its debt collector

28. Subsequent to any such aforementioned termination, Progressive Casualty Insurance Company could take the steps required to seek the interest that accumulated after Exhibit A was sent but before the "Claim amt" of $154.44 set forth in Exhibit A was paid.

29. For the above reasons, at any time after the date of Exhibit A, the "Claim amt" from Manco and/or the "Claim amt" sought from Manco may have increased due to the aforementioned accrued interest.

30. Notwithstanding the above, Exhibit A does not explain whether interest was accruing, does not set forth what Manco would need to pay to resolve the debt at any given moment in the future, and does not set forth an explanation of any interest that would cause the "Claim amt" of $120 to increase.

31. Notwithstanding the above, Exhibit A does not set forth that the "Claim amt" of $154.44 may increase due to interest.

32. Based on the above, Defendant violated 15 USC § 1692e and/or 15 USC § 1692g(a)(1) by sending Exhibit A to Manco.

## SECOND CAUSE OF ACTION-CLASS CLAIM

33. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

34. Exhibit A sets forth a "Claim amt" of $154.44.

35. Upon information and belief, any "Claim amt" resulted from an agreement between Manco and Progressive Casualty Insurance Company; and this agreement was set forth in and formed via a contract, a set of terms and conditions, and/or account statements.

36. Upon information and belief, pursuant to the aforementioned agreement, interest, late charges, and/or other charges continued to accrue and continued to be owed to Progressive Casualty Insurance Company on any "Claim amt" due but unpaid to Progressive Casualty Insurance Company

37. Upon information and belief, pursuant to the aforementioned agreement, Progressive Casualty Insurance Company and any assignee or successor-in-interest had a legal right at any time to collect from Manco the aforementioned interest, late charges, and/or other charges which had continued to accrue and continued to be owed to Progressive Casualty Insurance Company on any "Claim amt" due but unpaid to Progressive Casualty Insurance Company and any assignee or successor-in-interest.

38. The aforementioned right to collect from Manco the aforementioned accrued interest, late charges, and/or other charges in addition to any "Claim amt" is not waived by Progressive Casualty Insurance Company or any assignee or successor-in-interest as a result of a failure by either Progressive Casualty Insurance Company and any assignee or successor-in-interest at any point in time to attempt to collect from Manco the aforementioned accrued interest, late charges, and/or other charges in addition to any "Claim amt".

39. Neither Progressive Casualty Insurance Company or any assignee or successor-in-interest ever sent Manco a written communication that they waived the aforementioned right to collect from Manco the aforementioned accrued interest, late charges, and/or other charges in addition to any "Claim amt".

40. On and after the date of Exhibit A, Progressive Casualty Insurance Company or any assignee or successor-in-interest possessed the legal right to sell, transfer, or assign the account/debt identified in Exhibit A.

41. The entity to which the account/debt identified in Exhibit A was sold, transferred, or assigned had the right collect the aforementioned accrued interest, late charges, and/or other charges in addition to any "Claim amt".

42. On and after the date of Exhibit A, the entity which owned the account/debt on the date of Exhibit A possessed the legal right to terminate S&S as its debt collector.

43. Upon such termination, Progressive Casualty Insurance Company, through its own efforts or the efforts of a different debt collector, had the right collect the aforementioned accrued interest, late charges, and/or other charges in addition to any "Claim amt".

44. On and after the date of Exhibit A, Progressive Casualty Insurance Company had the right to instruct RMS to seek from Manco the aforementioned accrued interest, late charges, and/or other charges in addition to any "Claim amt".

45. For the above reasons, at any time after the date of Exhibit A, the "Claim amt" from Manco and/or the "Claim amt" sought from Manco may have increased due to the aforementioned accrued interest, late charges, and/or other charges.

46. Notwithstanding the above, Exhibit A did not explain whether interest, or new fees or costs are accruing; and Exhibit A did not set forth what Manco would need to pay to resolve the debt at any given moment in the future, and did not set forth an explanation of any fees and interest that would cause the "Claim amt" of $120 to increase.

47. For the above reasons, Exhibit A did not set forth the amount of the "debt".

48. For the above reasons, as a result of the aforementioned omission from Exhibit A,

Defendant violated 15 USC § 1692g(a)(1) by sending Exhibit A to Manco.

### THIRD CAUSE OF ACTION-CLASS CLAIM

49. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

50. Exhibit A set forth a "Claim amt" of $154.44.

51. Upon information and belief, any "Claim amt" resulted from an agreement between Manco and Progressive Casualty Insurance Company; and this agreement was set forth in and formed via a contract, a set of terms and conditions, and/or account statements.

52. Upon information and belief, pursuant to the aforementioned agreement, interest, late charges, and/or other charges continued to accrue and continued to be owed to Progressive Casualty Insurance Company on any "Claim amt" due but unpaid to Progressive Casualty Insurance Company

53. Upon information and belief, pursuant to the aforementioned agreement, Progressive Casualty Insurance Company and any assignee or successor-in-interest had a legal right at any time to collect from Manco the aforementioned interest, late charges, and/or other charges which had continued to accrue and continued to be owed to Progressive Casualty Insurance Company on any "Claim amt" due but unpaid to Progressive Casualty Insurance Company and any assignee or successor-in-interest.

54. The aforementioned right to collect from Manco the aforementioned accrued interest, late charges, and/or other charges in addition to any "Claim amt" is not waived by Progressive Casualty Insurance Company or any assignee or successor-in-interest as a result of a failure by either Progressive Casualty Insurance Company and any assignee or successor-in-interest at any point in time to attempt to collect from Manco the aforementioned

accrued interest, late charges, and/or other charges in addition to any "Claim amt".

55. Neither Progressive Casualty Insurance Company or any assignee or successor-in-interest ever sent Manco a written communication that they waived the aforementioned right to collect from Manco the aforementioned accrued interest, late charges, and/or other charges in addition to any "Claim amt".

56. On and after the date of Exhibit A, Progressive Casualty Insurance Company or any assignee or successor-in-interest possessed the legal right to sell, transfer, or assign the account/debt identified in Exhibit A.

57. The entity to which the account/debt identified in Exhibit A was sold, transferred, or assigned had the right collect the aforementioned accrued interest, late charges, and/or other charges in addition to any "Claim amt".

58. On and after the date of Exhibit A, Progressive Casualty Insurance Company possessed the legal right to terminate RMS as its debt collector.

59. Upon such termination, Progressive Casualty Insurance Company, through its own efforts or the efforts of a different debt collector, had the right collect the aforementioned accrued interest, late charges, and/or other charges in addition to any "Claim amt".

60. On and after the date of Exhibit A, Progressive Casualty Insurance Company had the right to instruct RMS to seek from Manco the aforementioned accrued interest, late charges, and/or other charges in addition to any "Claim amt".

61. For the above reasons, at any time after the date of Exhibit A, the "Claim amt" from Manco and/or the "Claim amt" sought from Manco may have increased due to the aforementioned accrued interest, late charges, and/or other charges.

62. Notwithstanding the above, Exhibit A did not explain whether interest, or new fees or

costs are accruing; and Exhibit A did not set forth what Manco would need to pay to resolve the debt at any given moment in the future, and did not set forth an explanation of any fees and interest that would cause the "Claim amt" of $154.44 to increase.

63. However, Exhibit A failed to notify Manco that her "Claim amt" may increase due to the aforementioned accrued interest, late charges, and/or other charges.

64. For the above reasons, as a result of the aforementioned omission from Exhibit A, Defendant violated 15 USC § 1692e and 15 USC § 1692g(a)(1) by sending Exhibit A to Manco.

### FOURTH CAUSE OF ACTION-CLASS CLAIM

65. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

66. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

### FIFTH CAUSE OF ACTION-CLASS CLAIM

67. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

68. Exhibit A amounted to an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

### SIXTH CAUSE OF ACTION-CLASS CLAIM

69. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

70. By sending Exhibit A to Manco, RMS violated 15 USC 1692g.

## CLASS ALLEGATIONS

71. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

72. The class consist of (a) all natural persons (b) who received a letter from RMS dated between June 28, 2016 and June 28, 2017 to collect a past due debt, (c) in a form materially identical or substantially similar to Exhibit A.

73. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

74. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

75. The predominant common question is whether Defendant's letters violate the FDCPA.

76. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

77. A class action is the superior means of adjudicating this dispute.

78. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against RMS in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

      2. Any and all other relief deemed just and warranted by this court.

Dated:      January 26, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 629-7709